UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

DONALD STIDHEM,                                                    2:15-CV-0379-TC

Plaintiff,

v.                                      FINDINGS AND RECOMMENDATION

LORINDA SCHWARTZ, Chaplain; JERI
TAYLOR, Superintendent; STEWART
YOUNG, Religious Services; TONI
HAMBLY; Canteen; TRENT JUIF, Food
Services Manager ,
                              Defendants.
_____

COFFIN, Magistrate Judge:

Plaintiff  is an Oregon Department of Corrections (ODOC) inmate.  The court requested

volunteer pro bono  counsel for  plaintiff after he requested  counsel for this civil action.  Plaintiff

received representation and an amended complaint was filed.  The amended complaint  alleges that

ODOC employees  failed  to accommodate plaintiff's religious rights.

Presently before the court is defendants' motion (#30) for summary judgment on the majority

of plaintiff's claims.  Defendants  assert that plaintiff did not exhaust his administrative remedies

Page 1 - FINDINGS AND RECOMMENDATION

before filing suit as required by the Prison Litigation Reform Act (PLRA).  Plaintiff argues that he should be excused from the PLRA's exhaustion requirements because he sent "inmate communication forms" to correctional staff and because he requested grievance forms but staff did not provide the forms.

For the reasons discussed below, the motion for summary judgment should be allowed and the claims moved against should be dismissed without prejudice. [1]

## Legal Standard

Federal Rule of Civil Procedure 56 allows the granting of summary judgment:

> if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c).  There must be no genuine issue of material fact.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986).

The movant has the initial burden of establishing that no genuine issue of material fact exists or that a material fact essential to the nonmovant's claim is missing.  Celotex Corp. v. Catrett, 477 U.S. 317, 322-24 (1986).  Once the movant has met its burden, the burden shifts to the nonmovant to produce specific evidence to establish a genuine issue of material fact or to establish the existence of all facts material to the claim.  Id.; see also, Bhan v. NME Hosp., Inc., 929 F.2d 1404, 1409 (9th Cir. 1991); Nissan Fire & Marine Ins. Co., Ltd., v. Fritz Cos., Inc., 210 F.3d 1099, 1105 (9th Cir.

---

[1] Defendants concede that plaintiff did exhaust his administrative remedies on one claim (the "Quiznos" claim in which plaintiff asserts he was temporarily denied a kosher diet in August and September of 2014).  Defendants state that the Quiznos claim is not the subject of this motion for summary judgment but that defendants intend to file a subsequent motion for summary judgment on its merits.

Page 2 - FINDINGS AND RECOMMENDATION

2000). In order to meet this burden, the nonmovant "may not rely merely on allegations or denials in its own pleading," but must instead "set out specific facts showing a genuine issue of fact for trial." Fed. R. Civ. P. 56(e).

Material facts which preclude entry of summary judgment are those which, under applicable substantive law, may affect the outcome of the case. Anderson, 477 U.S. at 248. Factual disputes are genuine if they "properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." Id. On the other hand, if, after the court has drawn all reasonable inferences in favor of the nonmovant, "the evidence is merely colorable, or is not significantly probative," summary judgment may be granted. Id.

## Discussion

Plaintiff alleges that "defendants have not accorded Messianic Judaism the same recognition, respect and privileges within ODOC as other faiths, and have violated plaintiff's rights to observe the tenets of his faith .... " Paragraph 1, First Amended Complaint (#29). Plaintiff alleges that the defendants at Eastern Oregon Correctional Institution (EOCI) interfered with the practice of his faith by preventing him from wearing religious items outside his cell; by refusing to permit photos of him wearing religious clothing; by preventing his wife from wearing a tichel, or head covering, during their wedding; by denying him a kosher diet in that he was served rotten vegetables with a purportedly kosher meal; and by refusing to allow him to purchase a Messianic Judaic prayer shawl. P. 2 of Opposition (#47).

Plaintiff argues that he adequately exhausted the available administrative remedies under the PLRA by filing "inmate communications forms. " However, inmate communication forms are a

form of informal communication between inmates and staff, OAR 291-109 (3)(b), and are separate and distinct from the prison grievance process and do not meet the requirement under the PLRA that prisoners exhaust all grievance remedies before filing suit, including appealing the grievance decision to the highest level within the grievance system. See Wyatt v. Tehune, 315 F.3d 1108 (9th Cir. 2003); Jones v. Bock, 549 U.S. 199, 200 (2007).

Plaintiff also argues that for some of his claims he sought to obtain grievance forms, but they were unavailable. When a prison demonstrates that there was an available administrative remedy, but that the prisoner did not exhaust that available remedy, the burden shifts to the prisoner "to come forward with evidence showing there is something in his particular case that made existing and generally available administrative remedies effectively unavailable to him." Albino v. Baca, 747 F.3d 1162, 1172 (9th Cir. 2014). Defendants have demonstrated that plaintiff had a generally available administrative remedy available to him as 900 complaints were made at EOCI in 2015 and plaintiff had participated in the process as discussed in more detail below. As such, the burden shifts to plaintiff to come forward with evidence showing there is something in his particular case that made existing and generally available administrative remedies effectively unavailable to him.

At oral argument on the motion for summary judgment, the court noted that plaintiff's assertions regarding obtaining grievance forms were inadequately vague. The court then gave plaintiff the opportunity to supplement the record and gave the parties the opportunity to provide further briefing.

Plaintiff then filed his Second Declaration. For the "rotten vegetables" claim, he asserted in a general fashion that he sought and was denied a grievance from Officer Kangas who said she was busy on February 24, 2014. P. 2 of Second Declaration (#61). Plaintiff also stated in a general

fashion that he sought and was denied a grievance form sometime "in January, 2015" for the claim

that he was not allowed to purchase a prayer shawl. Id. Plaintiff stated he believed the shawl was

included in the list of items inmates could buy, but Captain Walker, who had authority over items

available for purchase, referred plaintiff to the Chaplain's Office. Plaintiff then requested to speak

with Chaplain Betts and states:

> I spoke to Chaplain Betts in his office on approximately January 15.
> We both looked at his computer to see the full list of religious items
> approved for purchase by inmates. The list showed a Messianic
> Judaism prayer shawl as an available item. Chaplain Betts then wrote
> a memo dated January 16, 2015 denying that Messianic prayer
> shawls were available for purchase. I found his memo confusing and
> inconsistent, so I asked CO Bearchum for a grievance form. She
> replied that she was busy. I went back to CO Bearchum for a
> grievance form when she did not appear occupied with anything and
> asked for a grievance form again. She opened the cabinet door,
> looked through the available documents, and said there weren't any
> grievance forms. I never received a grievance form in response to
> this request either.

P. 2 of Second Declaration.

Officer Kangas provided a Declaration in which she states she does not remember a specific

request regarding the vegetable claim as too much time had passed. P. 2 of Kangas Declaration

(#63). She states she would never deny grievance forms, but there are times when officers cannot

give a grievance form because they are busy. Id. For example, Officer Kangas would not give an

inmate a grievance form if the request is made as she walks past a cell during a routine tier check,

as inmates often ask officers questions to prevent them from moving down the tier, or if a request

was made during a two - way line movement when she is required to supervise 80 inmates coming

to or leaving the unit. Id. As for the plaintiff's second request when plaintiff stated there were no

grievance forms at that time in the locked cabinet, Kangas generally noted in her Declaration that

if the cabinet supply has not been replenished , a prisoner can ask again or can ask another officer

later,  including the Shift Sergeant when the inmates go to meals,  or the Grievance Coordinator,

Nina Sobotta. Id. [2]

Defendants state that the forms are not left out in the open so inmates do not use them for

scratch paper, and correctly state that inmates lack a separate constitutional entitlement to a specific

grievance procedure. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003). Simply put, plaintiff

is not entitled to have grievance forms made available to him at all times in a manner of his own

choosing; instead, all that is required is that the forms be made available and defendants have

adequately demonstrated that this is the case . Plaintiff had an available administrative remedy and

his effort of asking once for a form for the vegetable claim and twice for the shawl claim do not

amount to a  reasonable effort to exhaust in the circumstances of this case[3],  and plaintiff  has not

met his shifted  burden of coming forward with evidence showing there is something in his case that

made the existing and generally available remedies effectively unavailable to him. See, Albino ,

supra .

---

[2]Defendants also state that the aforementioned officers did not work in plaintiff's housing unit during the time plaintiff said he requested the forms, but this matter is not necessary for the court's opinion today.

[3]A prisoner's failure to make a reasonable effort to pursue all available avenues for exhausting his administrative grievances will preclude the waiver of  the exhaustion requirement. Hall v. San Joaquin County Jail, 2015 WL 1498909, * 6 (E.D. Cal March 31, 2015). Only if the prisoner has taken all reasonable and appropriate steps to exhaust his grievance, without success, will his administrative remedies be deemed "effectively unavailable."  Nunez v. Duncan , 591 F.3d 1217, 1223-26 (9th Cir. 2010).

## Conclusion

Defendants' motion (#30) for summary judgment should be allowed and all of plaintiff's claims except the "Quiznos" claim should be dismissed without prejudice.


DATED this __30__ day of September, 2016 .



_____

THOMAS M. COFFIN

United States Magistrate Judge